**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **BERNICIA KUANZAMBI** | **CASE NO. 3:26-CV-01199** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ICE** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of habeas corpus filed by pro se petitioner, Bernicia Kuanzambi, pursuant to 28 U.S.C. § 2241. Rec. Doc. 1. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons which follow, **IT IS RECOMMENDED** that this habeas corpus action be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

## I. FACTUAL BACKGROUND

Petitioner, a native and citizen of Angola, filed the instant petition challenging the duration of his detention under 28 U.S.C. § 2241. According to his petition, he was ordered removed on July 15, 2025. Doc. 1-2, p. 3. He appealed the Immigration Judge's ruling and, at the time he filed the instant petition, his appeal was pending. *Id*.

According to the EOIR Automated Case Information website, Petitioner's appeal was dismissed on April 28, 2026[1], and, as a result, Petitioner is now in post-removal detention.

## II. LAW AND ANALYSIS

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the

[1] https://acis.eoir.justice.gov/en/caseInformation

United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

At the time of signing his petition on March 30, 2026, petitioner was in pre-removal detention. On April 28, 2026, his appeal was dismissed, and his removal order became final.[2] Since then, he has been in post-removal order detention. *See* 8 U.S.C. § 1231.

Under § 1231(a)(1)(A), ICE has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id*.

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be

[2]An order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *See* 8 U.S.C. § 1101(47)(B). 8 C.F.R. § 3.38 requires that a Notice of Appeal shall be received by the Board of Appeals within 30 calendar days of the Immigration Judge's ruling. *See Smith v. Conner*, 250 F.3d 277 (5th Cir. 2001).

held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Because Petitioner's removal order became final on April 28, 2026, he has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Thus, his habeas petition should be dismissed as premature. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (although 90-day period had expired, challenge to detention was premature because Petitioner had not been in post-removal-order custody more than six months).

Accordingly,

**IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to refiling should his detention become unlawful.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, July 24, 2026.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**